# The Indianapolis and St. Louis Railroad Company

## v.

## The People, use, etc.

1. JUSTICE OF THE PEACE—*jurisdiction in penal action.* A justice of the peace has jurisdiction in an action to recover the penalty imposed upon railway companies for not stopping their trains before crossing another railroad upon the same level, debt being a proper form of action to recover a statutory penalty.

2. CONSOLIDATION *of causes of action—where two penalties are incurred.* Where the evidence, in a suit by the people to recover the penalty given by law against a railway company for not coming to a full stop before crossing another railroad track, showed a similar violation of the statute at another and different road about a quarter of a mile distant, it was *held,* that the people were not compelled to unite the two causes of action, and thereby defeat the justice's jurisdiction.

3. PARTY PLAINTIFF—*in penal action.* A suit brought in the name of the people of the State of Illinois, for the use of C D, against a railroad company, to recover the penalty given by sections 50 and 51 of the Railroad law, will not be dismissed because it is brought for the use of an individual. Such a suit is brought in the name of the people, who are the plaintiffs, and the words, "for the use," etc., may be treated as surplusage. In such a case, whether the penalty goes to the people or to C D, does not arise, but that is a matter between him and the people, afterwards to be settled.

4. Where such a suit is so brought, the whole penalty is recoverable, and it is a matter of no concern to the defendant what disposition is made of the money when collected. The recovery will operate as a bar to any future action for the same penalty.

5. RAILROADS—*neglect of servants to obey orders—no defence.* In an action against a railway company, to recover the penalty for neglecting to stop its train before crossing another railroad on the same level, there is no error in not allowing the defendant to prove that the company had rules requiring the engine-driver to comply with the law in stopping at all railroad crossings, and that the rules were in his hands, and this constitutes no defence. A railroad company must see that its servants obey the law, and is liable for neglect to do so.

6. COSTS—*in penal action.* Where suit is brought in the name of the people for the recovery of a statutory penalty, if the people recover judgment, they are entitled to judgment for costs the same as any other person in like case. The rule, under the statute, is different in popular and *qui tam* actions.

APPEAL from the Appellate Court of the Third District; the Hon. C. L. HIGBEE, presiding Justice, and the Hon. OLIVER L. DAVIS, and Hon. LYMAN LACEY, Justices.

This was a suit, brought to recover a penalty, under sections 50 and 51, chapter 114, Revised Statutes 1874, and comes to this court on an appeal from the Appellate Court.

Section 50 provides, among other things, "that all trains run upon any railroad which crosses or is crossed by any other railroad upon the same level, shall be brought to a full stop at a distance, not less than 200 feet, nor more than 800 feet from the point of intersection or crossing of such road, and in plain sight of the same, before such crossing is passed by such train."

Sec. 51. " Every engineer violating the provisions of the preceding section, shall, for each offence, forfeit $100, to be recovered in an action of debt in the name of the people of the State of Illinois, or by any person who may sue for the same, and the corporation on whose road such offence is committed shall forfeit the sum of $200, to be recovered in like manner."

Mr. GEORGE HUNT, and Mr. C. V. JAQUITH, for the appellant.

Messrs. BISHOP & McKINLEY, for the People.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action, before a justice of the peace, to recover a penalty under sections 50 and 51 of the Railroad law. (Rev. Stat. 1874, p. 809.)   It is claimed that the statute was violated by the company, and that does not seem to be contested.

It is urged, that as section 51 does not state what courts may take jurisdiction, a justice of the peace could not try the cause ; that where the statute fails to name the court which shall have jurisdiction, the implication is that it is intended to be conferred on a court of general jurisdiction.   Where the statute does not specify the court which shall take cognizance

of the cause, and there is no general provision as to other courts, the presumption may possibly be the legislative design is; that the penalty shall be sued for and recovered in a court of general jurisdiction.

Section 13 of the Justice of the Peace act provides, that justices of the peace, amongst other cases, shall have jurisdiction " in all cases where the action of debt or assumpsit will lie, if the damages claimed do not exceed $200."

No one will claim that an action of debt will not lie to recover a penalty given by statute, unless otherwise provided. It being an action of debt, and the penalty being $200, it would violate the language of the statute to hold a justice of the peace has no jurisdiction of the case. It is a case where an action of debt will lie, and, therefore, is embraced in the statute.

It is urged, that as the evidence shows the company crossed another road without coming to a full stop, as required by the statute, within a fourth of a mile of the place where the penalty sued for occurred, the two forfeitures could not be separated, and if united, a justice of the peace would not have jurisdiction. The offences were separate and distinct as though the roads thus crossed were miles apart. The roads thus crossed belonged to different companies, and the fact that they were only a quarter of a mile apart did not make it one offence. But there were two forfeitures, and the other may no doubt be sued for by any person. We are clearly of opinion the people in suing for this were not required to unite the two causes of action.

The court below did not err in refusing to dismiss the suit. The suit was brought against appellant in the name of the " People of the State of Illinois for the use of Maurice L. Whiteside."

Section 51 provides, that the suit for the recovery of the penalty shall be by action of debt, "in the name of the people of the State of Illinois, or by any person who may sue for the same." This suit was in the name of the people. They were

the plaintiffs, as all know. The words, for the use of Maurice L. Whiteside, add nothing to or detract nothing from the right of recovery. Whiteside is not the legal, but the beneficial plaintiff. All after the name of the real plaintiff may be rejected as surplusage. When a recovery is had, the question may then arise whether the people or Whiteside shall have the money. The suit is, by the summons, declared to be for the use of Whiteside, and he is thereby *prima facie* entitled to it, unless resisted. He might have sued in his own name for himself as well as for the people, but failed to do so, and not being the plaintiff, his bond for costs, if otherwise unobjectionable, was a sufficient compliance with the statute.

It is urged, that under this statute, the whole penalty cannot be recovered by the informer, and, therefore, this suit was improperly brought. We are unable to see that it is a matter of any concern of appellant as to the disposition the people shall make of the money when recovered. Whether it shall all or only a half of it go to Whiteside, can make no difference to them. Whether he shall have, when collected, all, a portion or none of the money recovered, in nowise affects the rights of appellant. A recovery in this case would operate as a bar to a future recovery for the same penalty, and that would seem to be all they have a right to claim. If Whiteside has used the name of the people in suing, and if he has wrongfully declared the use for himself, the attorney for the people may contest his right and claim the money for the people. But that is a question between him and the people, and not between him and appellant.

There was no error in rejecting evidence that the company had rules requiring the engine-driver to comply with the law in stopping at all railroad crossings, and the rules were in his hands. This evidence would have constituted no defence. The General Assembly, in adopting this police regulation, must have known that the officers having the control of the corporation would not operate it, but would do so by employees, and that body must have intended to and did require these

companies to employ men who would obey orders. or be responsible for the neglect or refusal.    These companies know the legal requirement, and must, by such rules as may be necessary, compel their employees to observe the law, or respond to the penalty imposed by the statute.    The safety of the traveling community demands that these police regulations shall be enforced, and the General Assembly thought necessary, not only to render the engineer liable for a penalty, but also the company for a penalty for double the amount imposed on the engineer.

We now come to the only plausible question presented by appellant.    That is, whether the people were entitled to recover costs.

Section 17 of the Costs act, (Rev. Stat. 1874, p. 299,) provides that:  "In all suits and actions commenced or to be commenced for or on behalf of the people of this State, or the Governor thereof, or for or on behalf of any county of this State, or in the: name of. any person for the use of the people of this State or any county, then, and in every such case, if the plaintiff shall recover any debt or damages, in such action or suit, the plaintiff shall recover costs as any other person in like cases.    *    *    *    Nothing in this section contained shall extend to any popular action, nor to any action .to be prosecuted by any person in behalf of himself and the people or a county upon any penal statute."

Now, this action is prosecuted by the people in their name, and it falls within the provision of this section authorizing them to recover costs.    This is, in no sense, a popular action. That is defined to be "an action given by statute to any one who will sue for the penalty, a *qui tam* action."    Had Whiteside sued for the people as well as for himself, then this provision would have applied.

No error is perceived in this record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*