THE FRANKLIN LIFE INSURANCE COMPANY

*v.*

THE PEOPLE *ex rel.* Moses Atwood.

*Opinion filed February 18, 1903.*

1. INSURANCE—*company is liable to penalty for agent's unauthorized discrimination in rates.* A life insurance company, under section 2 of the act of 1891, (Laws of 1891, p. 148,) is liable to the penalty provided in the act in case of a discrimination by its agent between insurants of the same class and equal expectation of life, notwithstanding the agent's act was not authorized or ratified.

2. SAME—*that an agent violated his instructions does not shield the company from liability.* The legislature has a right to prescribe the conditions under which an insurance company may do business in this State, and by so doing business the company accepts such conditions, and cannot shield itself from responsibility for violations of the law by its agent by showing that the agent violated his instructions.

*Franklin Life Ins. Co.* v. *People,* 103 Ill. App. 565, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Williamson county; the Hon. OLIVER A. HARKER, Judge, presiding.

WILLIAM M. CLEMENS, for appellant:

A principal, whether an individual or a corporation, while liable civilly for damages for the fraud and deceit of an agent, is not liable criminally for the acts of the agent without evidence that the principal authorized, procured or connived at the criminal conduct of the agent. 1 Am. & Eng. Ency. of Law, (2d ed.) 1161, and notes; *Locke*

v. *Stearns*, 35 Am. Dec. 382; *Maisenbacher* v. *Society Concordia*, 71 Conn. 369.

Punitive or exemplary damages in the nature of punishment are not recoverable from a principal for the acts of an agent, unless it is shown the principal authorized or connived at the agent's conduct.   *Colvin* v. *Peck*, 25 Atl. Rep. 355; *Donivan* v. *Railway Co.* 21 N.Y. Sup. 457; *Seibert* v. *State*, 40 Ala. 60; *Mitchell* v. *Mims*, 8 Tex. 6; *Satterfield* v. *Telegraph Co.* 23 Ill. App. 446; *Sutherlund* v. *Ingalls*, 6 West. Rep. 389; *Mullinix* v. *People*, 76 Ill. 213; *Hipp* v. *State*, 33 Am. Dec. 463; *Boylston* v. *Bain*, 90 Ill. 283; *Dally* v. *Young*, 3 Ill. App. 39; *Kennedy* v. *McKay*, 39 Am. Rep. 581; *Staples* v. *Schmid*, 26 Atl. Rep. 193; *Railway Co.* v. *Prentice*, 13 U. S. 261; *Oberne* v. *O'Donnell*, 35 Ill. App. 180; *Callaghan* v. *Hyland*, 59 id. 347; *Singer Manf. Co.* v. *Hancock*, 74 id. 556; 174 Ill. 503.

In jurisdictions where rebates or discriminations between insurants are prohibited, if any insurance agent allows to a particular insurant so much of the premium as the agent is entitled to as a part of his compensation, as remuneration to the insurant for furnishing references, introductions, etc., to others from whom insurance is effected, and a note taken from the co-operating insurant only for the proportion of the premium which the insurance company is entitled to, this does not affect the validity of the note, even if sued on by the insurance agent who had become the assignee of the note.   The insurance company has no interest in the proportion of the premium which belonged to the agent as his commission.   *Quigg* v. *Coffy*, 30 Atl. Rep. 794; *Thompson* v. *Insurance Co.* 21 Ore. 466; *Insurance Co.* v. *Schlink*, 175 Ill. 284; *Insurance Co.* v. *Ward*, 90 id. 549.

This being a highly penal proceeding, no intendments favorable to the prosecution will be indulged in.   *People* v. *Insurance Co.* 72 Ill. App. 569.

The agent who abandons the purposes of his agency and commits a fraud for his own benefit ceases to act

within the scope of his authority, and to that extent as an agent. *Singer Manf. Co.* v. *Hancock,* 74 Ill. App. 556; 174 Ill. 503; *Sternback* v. *Friedman,* 50 N.Y. Sup. 1025.

The burden of proving ratification rests on the one who relies upon an agent's unauthorized acts. *Hurley* v. *Watson,* 68 Mich. 531.

There can be no ratification of the act of an agent without full knowledge of the facts which it is claimed are ratified. *Hurley* v. *Watson,* 68 Mich. 531; *Lawson* v. *Life Ass.* 73 N.W. Rep. 711.

There can be no such thing as a relation of principal and agent in crimes or misdemeanors. Principal and agent can only exist in relation to the accomplishment of things lawful. In crimes and misdemeanors an analogous relation is known as accessories, confederates and the like, which, of course, implies guilty knowledge and intention. *Pearce* v. *Foote,* 113 Ill. 238; *Griswold* v. *Gregg,* 24 Ill. App. 386; *Spring Valley* v. *Henning,* 42 id. 162; *Samuels* v. *Oliver,* 130 Ill. 79; *Meguire* v. *Corwine,* 101 U. S. 108; 1 Am. & Eng. Ency. of Law, (2d ed.) 971-972, and notes.

L. D. HARTWELL, State's Attorney, (PILLOW & SMITH, and ED. M. SPILLER, of counsel,) for appellee:

A corporation, by necessary implication, is subject to the legislative power of the State to define, prohibit and punish extortion, the same as in the case of natural persons. *Railroad Co.* v. *Jones,* 149 Ill. 365.

Insurance companies are liable for the acts of their agents, although such companies may have no knowledge of the violation of the act by an agent. The company, in this case, employed the agent to canvass for and solicit insurance for the company, and in doing so it was the company's duty to see to it that the agent was prudent and discreet and would observe the requirements of the statute. *Mullinix* v. *People,* 76 Ill. 213.

The appellant could not employ a person as its agent who had no regard for the law, and then shield itself by

saying it did not know that the agent was violating the law.  *Mullinix* v. *People,* 76 Ill. 213.

· To permit such a defense would be a virtual repeal of the statute.  It would be only necessary for appellant to employ such an agent and avoid seeing or knowing that he was violating the statute, to escape the punishment imposed.  *Mullinix* v. *People,* 76 Ill. 213.

Where agents or servants of a corporation act within the scope of their employment, the corporation will be responsible for their negligence, frauds or willful and wrongful acts, although such acts are against the positive instructions of such corporations.  *Railway Co.* v. *Dalby,* 19 Ill. 353; *Loy* v. *Steamboat F. X. Aubury,* 28 id. 412; *Railway Co.* v. *Peacock,* 48 id. 253; *Railroad Co.* v. *Bryan,* 90 id. 126; *Singer Manf. Co.* v. *Holdfodt,* 86 id. 455; *Railway Co.* v. *Harmon,* 47 id. 298; *Railroad Co.* v. *Brown,* 123 id. 162.

The legislature has authority to fix conditions under which appellant, an insurance company, might do business in this State.  In doing business it accepted these conditions, and if its agent violated them, though violating the express orders of the company in doing so, the company, as well as the agent, is liable.  *Insurance Co.* v. *People,* 95 Ill. App. 144; *Railroad Co.* v. *People,* 91 Ill. 452; *Noecker* v. *People,* 91 id. 494; *Railroad Co.* v. *Brown,* 123 id. 162; *Singer Manf. Co.* v. *Holdfodt,* 86 id. 455; *Railroad Co.* v. *Bryan,* 90 id. 126.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Fourth District affirming a judgment of the circuit court of Williamson county in an action of debt to recover a penalty for a violation of the provisions of an act entitled "An act to correct certain abuses and prevent unjust discriminations of and by life insurance companies doing business in this State, between insurants of the same class and equal expectation of life, in the rates, amount or payment of premiums, in the return of premi-

ums, dividends, rebates or other benefits," approved June 19, 1891, in force July 1, 1891, (Hurd's Stat. 1899, p. 978,) for unjustly discriminating between life insurants of the same class. The declaration alleged the issue of a life policy to one A. J. Kimmel for $1000 by the appellant, acting through one H. G. Parr, agent, and charged an unjust distinction and discrimination in its established rates in favor of said Kimmel, and which discrimination is not embodied in said policy. The general issue was filed. A jury was waived and a trial had before the court, which resulted in a finding and judgment in favor of the appellee for $500 and costs, and an appeal has been prosecuted to this court.

It appears from the evidence that the charge to said Kimmel as the first annual premium by the agent, Parr, was $28.02, when the regular rate for Kimmel's age was $32.02 on a thousand dollar policy. It further appeared that the discrimination was made without the knowledge or consent of the appellant, and that it had not ratified the action of its agent.

Propositions of law were submitted to the court to the effect that the act of the agent in making the distinction or discrimination would not render the appellant liable without proof that it authorized or ratified the action of the agent in making the distinction or discrimination, which were refused, and the action of the court in that behalf has been assigned as error.

Section 1 of said act provides, among other things, that no life insurance company or association organized under the laws of this State or doing business within this State shall make or permit any distinction or discrimination between insurants of the same class and equal expectation of life, in its established rates. Section 2 provides: "If any such life insurance company, or association, its agent or agents, as aforesaid, shall make any unjust discriminations, as enumerated in section 1 of this. act, the same shall be deemed guilty of having violated

the provisions of this act, and upon conviction thereof shall be dealt with as hereinafter provided." Section 3 provides: "Any such life insurance company or association which shall transact its business in this State in violation of the provisions of this act, shall, together with the agent or agents so unlawfully transacting said business, jointly and severally, be subject to a penalty of not less than five hundred dollars ($500), or more than one thousand dollars ($1000), to be sued for and recovered in the name of the People of the State of Illinois, by the State's attorney of the county in which such agent or agents may reside, or in the county in which the offense is committed."

From the repeated decisions of this court it is clear the legislature had the power to pass a statute making the appellant liable for the acts of its agent in making distinctions or discriminations in its established rates although it did not authorize the distinction or discrimination to be made and had not ratified the making thereof, but had expressly directed its agent not to make the same. (*Mullinix* v. *People*, 76 Ill. 211; *Noecker* v. *People*, 91 id. 494; *Toledo, Wabash and Western Railway Co.* v. *People*, 81 id. 141.) The doctrine announced in these cases seems to be conceded by appellant, but it is contended that in this statute the legislature has not declared that an insurance company or association shall be held liable for the acts of its agent in making distinctions or discriminations in the established rates to insurants of the same class, without proof that the company or association authorized, consented to or ratified the acts of its agent in making such distinction or discrimination. We do not think the statute under consideration will bear the construction contended for by appellant. To so construe it would be to nullify it. The statute provides that "if any such life insurance company or association, its agent or agents as aforesaid, shall make any unjust discriminations," etc., it shall be deemed guilty of having violated

the provisions of the act, and the company or association, together with the agent or agents so unlawfully transacting said business, shall become jointly and severally liable for the penalty prescribed. The statute is unqualified, and in express terms provides that if the statute be violated, the company or association, and its agent or agents, shall be jointly and severally liable. In the *Noecker case* the terms of the statute there under consideration were no broader than the statute in question, and it was there held that the defendant was liable for sales of intoxicating liquor made by his agent, no matter what may have been his instructions to him; and in *Indianapolis and St. Louis Railroad Co.* v. *People*, 91 Ill. 452, that it was no defense in an action against a railroad company to recover the penalty imposed by statute for a failure to stop its train at a railroad crossing, that the company had a rule in force, with which the engineer was familiar, requiring him to comply with the law and stop at all railroad crossings, which he disregarded without the consent of the company.

From an examination of this statute, in connection with the decisions above referred to, it is clear the circuit court properly refused to hold as law the propositions submitted on behalf of appellant. The legislature had authority to fix the terms upon which appellant had the right to do business in this State. In effecting its organization and prosecuting its business within the State it accepted the conditions imposed upon it, one of which was that it should be liable for the acts of its agent performed in violation of said statute. If it employed a reckless person who had no regard for the law, it can not shield itself from responsibility by reason of the fact that its agent violated its instructions. *Mullinix* v. *People, supra.*

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*