THE FRANKLIN LIFE INSURANCE COMPANY

*v.*

THE PEOPLE *ex rel.* James Yancey.

*Opinion filed February 18, 1903.*

1. CORPORATIONS—*the legislature may prescribe conditions for doing business.* The legislature has power to prescribe conditions under which a corporation, foreign or domestic, may do business in Illinois, and to subject it to the police power of the State.

2. INSURANCE—*agent's violation of act against unjust discrimination is chargeable to company.* Violation by a life insurance agent of the act of 1891, to prevent unjust discrimination between insurants of the same class, is chargeable to the company, though it is not shown that the company knew of or approved of such action.

*Franklin Life Ins. Co.* v. *People,* 103 Ill. App. 554, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Williamson county; the Hon. OLIVER A. HARKER, Judge, presiding.

W. W. CLEMENS, for appellant.

L. D. HARTWELL, State's Attorney, (PILLOW & SMITH, and ED. M. SPILLER, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an action in debt against the appellant company by the People, on the relation of one James Yancey, instituted by R. R. Fowler, the State's attorney of Williamson county, to recover the penalties provided by section 3 of the act entitled "An act to correct certain abuses and prevent unjust discrimination of and by life insurance companies," etc., approved June 19, 1891, (Hurd's Stat. 1899, p. 978,) for the violation of the provisions of section 1 of the act, in, as the declaration alleged, allowing or paying to one Ed. L. Dwyer a special rebate of the premium on a policy of life insurance issued by the said company to said Dwyer. The cause was heard before the circuit court sitting without a jury, and judgment was entered against the appellant company in the sum of $500 as a penalty for the violation of the said statutory provisions, together with the costs therein accruing. The Appellate Court for the Fourth District affirmed the judgment, and this further appeal has been perfected to bring such judgment of affirmance in review in this court.

The action of the trial court in refusing to hold certain propositions of law presented by the appellant company is urged as the only ground for asking a reversal of the judgment. These propositions were, in substance, that even if an agent of the company who canvassed for and obtained the application for the insurance policy was shown by the evidence to have violated the said section 1 of the act in question in the manner charged in the declaration, before the appellant company could be adjudged liable to the penalties prescribed by section 3 of the act it must be shown by the evidence that the company had either authorized the inhibited act to be done by its agent, or had knowledge the agent would so trans-

act its business, or colluded or connived at such acts, or that after the act it approved or ratified the same.

We think the court ruled correctly in refusing to hold these propositions as announcing the correct principles of law relative to the case. A corporation is an artificial or intangible body. The government which has created the corporation, or which permits a foreign corporation to exercise corporate functions or transact corporate business in its territory, has the power to regulate the corporation, whether foreign or the creature of our statutes, in the exercise of its franchise for the public good, to prescribe conditions under which it may do business, and to subject it to the police power of the government as fully as if it were a natural person. (*Galena and Chicago Union Railroad Co.* v. *Loomis*, 13 Ill. 548; *Bank of Republic* v. *County of Hamilton*, 21 id. 53; *Ruggles* v. *People*, 91 id. 256; *Chicago, Burlington and Quincy Railroad Co.* v. *Jones*, 149 id. 361; Hurd's Stat. 1899, chap. 32, sec. 26, p. 438.) The purposes of the creation of a corporation must be executed through natural persons acting as its agents. It is only through the acts of a natural person, acting as its agent, that a corporation may incur liabilities declared by the law or become subject to penalties denounced by the statute for an act inhibited to be done. A violation of a statutory provision by a corporation must of necessity consist of an act of an agent of the corporation. Any agent having authority to do any act for the company which the company may legitimately do is the representative of the company in the performance of that act, and his failure to observe the requirements of the statute with reference to the performance of that act by the company is the failure of the company itself to observe such requirements, and a violation on the part of such agent of the command of the statute in the doing of such act is the violation of the company itself. The knowledge of the facts by an agent so transacting business for the corporation is the knowledge of the corporation, and

his acts are the acts of the company and make the company liable for vindictive damages, as we said in *Singer Manf. Co.* v. *Holdfodt*, 86 Ill. 455, and upon like reason may make the company liable in a penal action for a penalty, for vindictive damages are wholly in the nature of a penalty. If the violation of a statute is the act of an agent of a corporation, done by such agent while acting in the scope of his authority, it is a violation of the statute by the corporation, and it is immaterial whether the board of directors of the corporation, or any of its officers having general authority, knew of such violation or intended violation, connived at it or ratified it or approved it. If an agent of a corporation organized to issue policies of life insurance is clothed with power to solicit and receive applications for insurance, shall, while (to quote the language used in the propositions presented to the court) "canvassing for policies of insurance," violate the statute against unjust discriminations, etc., between insurants of the same class, etc., in the rates of premium, etc., or in rebates, his unlawful act is not any less the act of the company, nor less unlawful, though it be not shown that the board of directors of the company, or some superior general officer, knew of, participated in or approved such wrongful act of the agent. The views thus expressed find support in *State* v. *L. etc. Railroad Co.* 91 Tenn. 445, 7 Am. & Eng. Ency. of Law, (2d ed.) p. 847, and Pierce on Railroads, pp. 277, 278, and are illustrated in the decisions rendered in *Toledo, Wabash and Western Railway Co.* v. *People*, 81 Ill. 141; *Singer Manf. Co.* v. *Holdfodt, supra; Indianapolis and St. Louis Railroad Co.* v. *People*, 91 Ill. 452; *Chicago City Railway Co.* v. *McMahon*, 103 id. 485; *Rockford, Rock Island and St. Louis Railroad Co.* v. *Wells*, 66 id. 321; *Chicago, St. Paul and Fond du Lac Railroad Co.* v. *McCarthy*, 20 id. 385.

The propositions, limited, as they must be, to the facts of the case, do not involve the question whether an individual may be made liable to a penalty for the acts

of an employee, or whether a corporation is so liable for an act done by an agent against the express instructions of the governing body of the corporation.

The judgment of the Appellate Court must be and is affirmed.

*Judgment affirmed.*