THE METROPOLITAN LIFE INSURANCE COMPANY
*v.*
THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed April 20, 1904.*

1. PRINCIPAL AND AGENT—*exception to the rule that principal is not criminally liable for act of agent.* Exceptions to the rule that a principal is not criminally liable for an unauthorized act of an agent arise under police regulations prohibiting acts hurtful to public comfort, welfare and safety.

2. INSURANCE—*business of insurance is subject to police regulation.* The business of insurance is subject to regulation by the police power of the State, and the act of 1891, (Laws of 1891, p. 148,) prohibiting discrimination between insurants of the same class, is a valid exercise of that power.

3. SAME—*insurance company is liable for unauthorized act of agent in rebating premium.* Under the act of 1891 (Laws of 1891, p. 148,) an insurance company is liable to the statutory penalty for the unauthorized act of its agent in discriminating between insurants of the same class by allowing a rebate of premium, notwithstanding the company was ignorant of the agent's act, which was prohibited by the company. (*Franklin Life Ins. Co.* v. *People,* 200 Ill. 594, followed.)

4. LIMITATIONS—*plea of Statute of Limitations is a personal privilege.* A plea of the Statute of Limitations is a personal defense, which can only be availed of by the person for whose benefit the statute inures or such other person as stands in his stead.

5. SAME—*whether cause of action was changed is determined by considering original and amended declarations.* Whether an amendment introduces a new cause of action is to be determined as a question of law from a consideration of original and amended declarations.

6. SAME—*change in party to suit does not necessarily change the cause of action.* A change in a party to a suit does not of itself change the cause of action or ground of recovery, and unless a new cause of action is thereby injected into the declaration it is not subject to a plea of the Statute of Limitations.

7. SAME—*when changing name of agent does not subject declaration to plea of statute.* Changing the name of the agent with whom the defendant insurance company is sued in an action for the statutory penalty for violating the act in regard to discrimination, does not subject the declaration to a plea of the Statute of Limitations on the ground the amendment was made more than two years after the transaction, where the act complained of is the same.

8. PRACTICE—*action for statutory penalty is governed by practice in civil cases.* An action of debt to recover the penalty for violating the act prohibiting discrimination between insurants of the same class is governed by the practice in civil cases, and the plaintiff may proceed to judgment against the defendant served with process and have the case continued as to the one not served.

*Metropolitan Life Ins. Co.* v. *People,* 106 Ill. App. 516, affirmed.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Johnson county; the Hon. A. K. VICKERS, Judge, presiding.

WHITNEL & GILLESPIE, for plaintiff in error:

A suit for the recovery of a penalty is, within the meaning of the constitution and laws of this State, a criminal proceeding in substance though in form a civil proceeding, and when considered for the purpose of determining the rights, privileges and immunities of the person or corporation being prosecuted, must be regarded as a criminal prosecution. *Coffee* v. *United States,* 116 U. S. 436; *Counselman* v. *Hitchcock,* 142 id. 547; *Brown* v. *Walker,* 161 id. 591.

The violation of a statute of a public nature is a crime. Am. & Eng. Ency. of Law, 643; Wharton on Crim. Law, (8th ed.) 324.

A suit in the name of the People or the State, against one or more individuals for the recovery of a fine or penalty for the violation of a public statute, is a criminal

prosecution. *Harger* v. *Thomas*, 44 Pa. St. 130; *Tennessee* v. *Davis*, 100 U. S. 269; *State* v. *Topeka*, 30 Kan. 653.

Where a servant does an act criminal in its nature without the express or implied authority of the principal or master yet within the scope of his employment, the master is not liable, either civilly or criminally, therefor. *Barns* v. *State*, 19 Conn. 406; *Hipp* v. *State*, 5 Blackf. 149; *State* v. *McGrath*, 73 Mo. 181; *Commonwealth* v. *Stevens*, 155 Mass. 295.

Where a master gives general directions to his servant, trusting to his discretion in their execution, he may become liable for his action; but when the directions are specific and the servant transcends them, the master does not become liable. *Oxford* v. *Peter*, 28 Ill. 434.

Punitive or exemplary damages in the nature of punishment are never recoverable from a principal or master on account of the wrongful or unlawful act of the agent or servant, unless it is shown that the principal or master, by express words or necessary implication, authorized the doing of the wrongful act, or, after the same was done, approved the same or knowingly accepted and appropriated a benefit arising therefrom. *Colvin* v. *Peck*, 25 Atl. Rep. 355; *Donivan* v. *Railway Co.* 21 N. Y. Sup. Ct. 457; *Seibert* v. *State*, 40 Ala. 60; *Mitchell* v. *Mims*, 8 Tex. 6; *Graham* v. *Peacock*, 3 L. R. 348; *Stockwell* v. *United States*, 13 Wall. 560.

When an amendment introduces a new or different cause of action it is treated as a new suit, begun at the time when such an amendment is filed, and the Statute of Limitations is arrested at the latter date. *Railroad Co.* v. *Jones*, 149 Ill. 361.

The allegations of the declaration charging the violation to have been committed through the instrumentality of M. M. Maddox were descriptive and became a material part of the plaintiff's case, which had to be proved as laid. The amendment made the declaration state a different case of the same character,—that of a

rebate through the instrumentality of P. A. Johnson. *Railway Co.* v. *Steger*, 65 Ill. App. 312; 22 Ency. of Pl. & Pr. 552-556, and Ill. cases in notes.

David J. Cowan, for the People:

This is a civil suit, brought upon the statute above quoted, and the question whether or not this is a civil or criminal proceeding has been settled by our legislature by providing the mode of procedure for the collection of the penalty. *Ewbanks* v. *Ashley*, 36 Ill. 177; *People* v. *Kelley*, 187 id. 336; *Insurance Co.* v. *People*, 95 Ill. App. 126.

The form of the action is debt and is the correct form to collect a statutory penalty. *Behymer* v. *Odell*, 31 Ill. App. 350; 1 Shinn's Pl. & Pr. secs. 87, 93; 1 Chitty's Pl. 106; *Ewbanks* v. *Ashley*, 36 Ill. 177.

A suit originally commenced within the time limited by the Statute of Limitations is not barred because the name of one defendant is stricken out and another inserted in its place. *Fish* v. *Farwell*, 160 Ill. 249; *Thomas* v. *Insurance Co.* 108 id. 97; *Liebold* v. *Green*, 69 Ill. App. 527.

Where an amendment sets up no new matter or claim, but merely re-states, in different form, the cause of action set out in the original declaration, it relates back to the commencement of the suit, and the Statute of Limitations is arrested at that point. *Swift & Co.* v. *Foster*, 163 Ill. 52; *Railroad Co.* v. *Jones*, 149 id. 364; *Fish* v. *Farwell*, 160 id. 249.

Mr. Justice Cartwright delivered the opinion of the court:

The State's attorney of Johnson county brought an action of debt, in the name of the People of the State of Illinois, in the circuit court of said county, against the Metropolitan Life Insurance Company and M. M. Maddox, to recover the statutory penalty for a violation of the act in force July 1, 1891, (Laws of 1891, p. 148,) prohibiting any life insurance company from making or permitting any discrimination between insurants of the same

class and equal expectation of life. The declaration contained five counts, and charged that the defendant the Metropolitan Life Insurance Company was a life insurance company incorporated under the laws of the State of New York and doing business in this State; that the defendant M. M. Maddox was an agent of said company, and that the said defendants, in writing a life insurance policy on the life of Otis E. Harvick, made and permitted an unjust discrimination by paying and allowing to the insured a special rebate of a premium in the sum of $8.41. Defendants appeared and filed a plea of *nil debet*. The cause was submitted to the court for trial without a jury, and it was proved at the trial that M. M. Maddox, of Mound City, Illinois, was an assistant superintendent of the insurance company; that P. A. Johnson was an agent of the company, under Maddox, at Vienna, Illinois; that Maddox and Johnson negotiated with Otis E. Harvick, of Vienna, for insurance; that Harvick agreed to take two policies, one on his own life and another on the life of his mother; that the policy on the life of the mother was not issued, and Harvick thereupon refused to take the one issued on his own life, and that after Maddox had left, Johnson arranged with Harvick to accept the policy and pay $10 premium, and the balance, $8.41, was rebated. The premium was $18.41, of which the agent was to receive $11.05 and the insurance company $7.36. Johnson accounted to the company for $7.36 to which it was entitled. Agents of the insurance company were not authorized to allow any rebate, and the rate book issued by the company prohibited rebates. At the conclusion of the evidence, leave was given the plaintiff to amend the declaration by striking out the name of M. M. Maddox and inserting the name of P. A. Johnson. The alleged rebate occurred more than two years prior to the amendment, and the insurance company again filed its plea of *nil debet* and a plea of the Statute of Limitations of two years. Plaintiff demurred to the plea of the Stat-

ute of Limitations, and the demurrer was sustained. The insurance company then submitted propositions of law to the effect that if the rebate was allowed by an agent without the knowledge and consent of the company, and the company had not ratified the act, it would not be liable; that there could be no recovery for any rebate allowed by P. A. Johnson, and that there could be no recovery for any such rebate by P. A. Johnson more than two years prior to the amendment of the declaration. These propositions were refused by the court and exception was taken to the ruling. There was no appearance by the defendant Johnson, and the court not having acquired jurisdiction of him, the cause was continued as to him. The court found the insurance company guilty and entered judgment against it for $500 and costs. From this judgment the insurance company appealed to the Appellate Court for the Fourth District, where the judgment was affirmed, and the writ of error in this case was sued out to review the judgment of the Appellate Court.

It is first contended that the court erred in not holding to be the law the proposition that if the rebate was allowed by an agent without the knowledge and consent of the plaintiff in error, and it had not ratified the act, it would not be liable. The contrary of this proposition was decided in the cases of *Franklin Life Ins. Co.* v. *People,* 200 Ill. 594, and *Same* v. *Same,* id. 619. The suit, although civil in form, was brought for a penalty for a violation of public law, and was, in effect, a criminal prosecution. The general rule is as contended by counsel, that a principal is not liable criminally for an act of his agent committed without express or implied authority; but there have always been well recognized exceptions to the rule, such as violations of the revenue laws, the creation or maintenance of nuisances or the publication of libels. Well recognized exceptions arise under police regulations prohibiting acts hurtful to the comfort, welfare and safety of society, such as the adulteration of food and

drink, the sale of intoxicating liquor in violation of law, (*Noecker* v. *People*, 91 Ill. 494,) or a failure to stop a train at a railroad crossing. (*Indianapolis and St. Louis Railroad Co.* v. *People*, 91 Ill. 452.) In such cases, to give immunity to the principal would be to undermine and practically destroy the protection afforded to the people in general by the laws. The nature of the insurance business and the interest of the public in it are such as to subject it to regulation under the police power, and the statute which prohibits discrimination in favor of individuals between insurants of the same class and with equal expectation of life is a valid exercise of that power. (22 Am. & Eng. Ency. of Law,—2d ed.—933.) A corporation can only act through an agent, and the act of the agent within the scope of the business entrusted to him is the act of the principal. If there is a violation of the statute, the law wisely throws the responsibility for the act upon the corporation, which has the best opportunity to prevent it, and it is liable whether it has authorized the act or not.

It is next argued that the court erred in sustaining the demurrer to the plea of the Statute of Limitations and refusing the proposition of law that there could be no recovery, under the amended declaration, for an offense more than two years prior to the amendment. The question whether Johnson could have pleaded the Statute of Limitations is not now involved, but if he could, the plea is a personal privilege and defense, which can be availed of only by the person for whose benefit the statute inures or such other person as stands in his place or stead. (*Fish* v. *Farwell*, 160 Ill. 236.) A mere change in a party to a suit does not, of itself, change the cause of action or ground of recovery, and unless the cause of action is a new one the amended declaration is not subject to the Statute of Limitations. (*Thomas* v. *Fame Ins. Co.* 108 Ill. 91.) So far as plaintiff in error is concerned, the suit was begun within the time allowed by the stat-

ute, and unless the amendment introduced a new cause of action the demurrer was properly sustained. The question whether a new cause of action was introduced or whether the identity of the original cause of action was preserved is to be determined, as a question of law, by an inspection of the original and amended declaration. The statute declares that the insurance company and agent shall be jointly and severally subject to the penalty, and the charge in the original and amended declaration was, that plaintiff in error and its agent, in writing a policy of insurance on the life of Otis E. Harvick on January 13, 1900, allowed to the said Harvick a rebate of $8.41: If the suit had merely been dismissed as to Maddox or the averment as to him or his agency had been stricken out, the declaration would still have stated a good cause of action against plaintiff in error. The discontinuance as to Maddox and substitution of Johnson did not make the cause of action a new or different one unless the name of the agent was a matter of essential description of the offense, and we do not think that was so. The name of the agent did not in any manner define, qualify or limit the cause of action or the offense. The amended declaration did not present a different cause of action, and the demurrer was properly sustained and the proposition of law refused.

After the amendment, the court, having no jurisdiction of Johnson, continued the cause as to him and rendered judgment against the plaintiff in error, and it is insisted that the judgment was erroneous on that account. The action was civil in form and was governed by the practice in civil cases. Section 9 of the Practice act authorizes a plaintiff to proceed to judgment against a defendant on whom process is served and to have the cause continued as to a defendant not served.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*