The People of the State of Illinois, ex rel. Lewis E. Hughes, v. Penn Mutual Life Insurance Company.

### Gen. No. 4,573.

1. INSURANCE—*what not unlawful rebate.* Where an agent of an insurance company under contract to receive by way of salary a percentage upon the first annual premiums paid upon all policies written by him, tenders his own policy and is given his usual commission thereon, the law against discrimination against policy-holders is not violated.

Action of debt. Error to the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed April 20, 1906.

A. J. BOUTELLE, State's Attorney, and ROY M. MARSH, for plantiff in error.

R. D. ROBINSON and G. W. PEPPER, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

A statute of this state, passed in 1891, prohibits any life insurance company from making or permitting any discrimination between insurants of the same class and equal expectation of life, and provides a penalty for its violation, to be recovered in the name of the people of the State of

Illinois, one-half of which penalty is to be paid into the treasury of the county in which the offense is committed, and the other half to the informer. Lewis E. Hughes was an agent of the Penn Mutual Life Insurance Company. After he ceased to be such agent, he brought this suit in the name of the people on his relation, to recover the statu, tory penalty above referred to, and he alleged in the declaration that the company issued a policy to himself, and granted him a rebate of sixty per cent. of the first premium. All counts of the amended declaration except the second and third were abandoned. To those counts, defendant filed three pleas. The third plea alleged that prior to and at the time of the alleged agreement to grant a rebate on said policy of insurance upon the life of Hughes, the latter was in the employ of the defendant, by and through its general agent, under an agreement whereby said Hughes was to receive sixty per cent. of the first annual premium on each application he procured for defendant, and that, while so in the employment of the defendant, he presented, among others, his own application for the policy referred to in the plaintiff's declaration, and that, under his contract of employment, he was entitled to the sixty per cent. on said application, as wages or salary, and that the same was in pay for services rendered, and not as a rebate on the insurance premium. Plaintiff demurred to the third plea. That demurrer was overruled. Plaintiff elected to abide by the demurrer, and defendant had judgment. This is a writ of error sued out by plaintiff to reverse that judgment.

The statute in question has been considered in Franklin Life Insurance Company v. People, 200 Ill. 594; same v. same, 200 Ill. 619; and Metropolitan Ins. Co. v. People, 209 Ill. 42. The purpose of the statute is to prevent discrimination between policy-holders. Under the allegations of this plea, Hughes was an agent of the company, in its regular employ, and his wages or salary for his services was fixed by allowing him sixty per cent. upon the first premium upon each policy for which he presented the application.

According to the plea, the allowance was made to him, not by way of a rebate or by way of discrimination, but as pay for his services. If he had placed this application in the hands of some other agent, the company would have paid that agent for the service. In our opinion, there was here no discrimination between policy-holders, and no violation of the purpose and intent of the law. It is argued by appellant that Hughes could not act for himself and for the insurance company in obtaining such a contract, and that the contract is void. If that is so, and if this policy is therefore void, that does not tend to make a case for the plaintiff here. But in fact such a contract with an agent of a corporation, whereby he acts for himself as well as the corporation, is not void, but only voidable, and is binding where it is ratified by the corporation itself. L., N. A. & C. Ry. Co. v. Carson, 151 Ill. 444. All Hughes did was to present an application for a policy on his own life. The company acted independently in determining whether the application should be granted or refused.

The judgment is affirmed.

*Affirmed.*