The People of the State of Illinois for use of County of Cook and A. C. Wegner ex rel. A. C. Wegner Informer, Plaintiff in Error, v. Columbian National Life Insurance Company, Defendant in Error.

## Gen. No. 18,701.

1.  INSURANCE, § 17*—*who may prosecute suit for penalties for violation of act prohibiting discriminations.*  Under section 29, ch. 73, Hurd's R. S. 1911, J. & A. ¶ 6493, providing a penalty for violation of the act to prevent unjust discriminations by life insurance companies and providing that the informer shall be entitled to one-half thereof, the suit for the penalty can be prosecuted only by the State's Attorney.

2.  PENALTIES, § 11*—*who may prosecute suit.*  Where a statute provides that a penalty shall be sued for by the State's Attorney in the name of the People, the suit cannot be maintained in the name of a private person, and the fact that an informer of a violation of the statute is entitled to one-half of the penalty when collected does not give him the right to maintain the action in his own name or to control the action brought in the name of the People.

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1912.  Dismissed.  Opinion filed May 20, 1914.

FRANK H. CULVER, for plaintiff in error.

HOLT, WHEELER & SIDLEY, for defendant in error.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

A suit was begun in the Municipal Court by plaintiff in error to recover from defendant in error the penalty provided by section 29 of chapter 73, Hurd's R. S. 1911. (J. & A. ¶ 6493.) A judgment was entered in that court in bar of the plaintiff's right to recover. This writ of error is prosecuted to reverse that judgment. The right of plaintiff in error, who was not the State's Attorney in Cook county, to prosecute such a suit is challenged by defendant in error on the ground that the statute creating the offense and providing the penalty sued for also provides that suit to recover the same must be brought by the State's Attorney of the proper county.

Plaintiff in error has not favored this court with any suggestions in support of his right to so prosecute. Neither has the court of last resort in this State passed directly on the question so far as we are able to discover.

That part of section 29, chapter 73, Hurd's R. S. 1911, bearing on the question, reads:

"Any such life insurance company or association which shall transact its business in this State in violation of the provisions of this Act, shall, together with the agent or agents so unlawfully transacting said business, jointly and severally, be subject to a penalty of not less than Five Hundred Dollars ($500.00), or more than One Thousand Dollars ($1000.00) to be sued for and recovered in the name of the people of the State of Illinois, by the State's Attorney of the county in which such agent or agents may reside, or in the county in which the offense is committed. One-half of said penalty, when recovered, shall be paid into the treasury of said county, the other half to the informer of such violation. And it is hereby made the duty of the auditor of public accounts, upon conviction had as aforesaid, or penalty recovered against any such company, or the agent thereof, for any violation of this act, at once to revoke, cancel and annul the certificates of authority issued to any such agent by the auditor of public accounts."

It is a familiar rule that where a statute provides for the doing of a certain thing in a particular manner, it by implication forbids the doing of that thing in any other manner. 36 Cyc. 1122.

The Supreme Court in Confrey v. Stark, 73 Ill. 187, said:

"It is a uniform rule, well recognized by all courts, where a statute gives a penalty and prescribes the form of action in which the remedy may be had, that courts are powerless to change the remedy and permit a recovery to be had in another form of action. The will of the General Assembly is supreme, and must be obeyed as expressed." See also *Gaddis v. Richland County*, 92 Ill. 119, and *Taylor v. Taylor*, 66 W. Va. 238.

In *People ex rel. Jones v. North Chicago Ry. Co.*, 88 Ill. 537, a private individual filed a petition for leave to file an information in quo warranto. The statute at that time provided:

"The Attorney General or State's Attorney of the proper county, either of his own accord or at the instance of any individual relator, may present a petition. * * *

In determining the correctness of the ruling of the lower court in denying the prayer of that petition, the Supreme Court said:

"There is nothing here that authorizes anyone other than the Attorney General or State's Attorney to present a petition for leave to file an information."

The case of *Chicago & A. R. Co. v. Howard*, 38 Ill. 414, was a *qui tam* action to recover a penalty provided by statute against any railroad company that should fail to sound a whistle or ring a bell as its train approaches the crossing of a public highway. Suit was begun by a private individual and the point was made as here that the same should have been begun by the State's Attorney. The court pointed out that there were two sections under which the penalty could be recovered, namely, sections 42 and 38; that section 42 provided that the penalties *may* be sued for

by the State's Attorney, and that section 38 provided that the same might be sued for by the common informer in his own name. The court in disposing of the objection held that the word "may" in section 42 must be construed "shall" and that suits begun under that section must be brought by the State's Attorney.

Various statutes in this and other States contain provisions expressly permitting the informer to bring such suits in his own name, and many others do so by implication, but we believe no case can be found where the statute provides that the penalty shall be sued for by the State's Attorney in the name of the People, where it has been held that suit may be begun in the name of a private person. On the contrary, it has been held that the fact that the informer would be entitled to one-half of the penalties when collected would not give him either the right to sue in his own name or to control the action brought in the name of the People. *Smith v. Look,* 108 Mass. 139. It has also been held that in such cases even the name of the informant need not be mentioned in the information, *Confiscation Cases,* 7 Wall. (U. S.) 454. The theory on which most of these cases rest seems to be that the interest of the informer begins when the penalty is collected by the proper officer of the State; that he is only interested to the extent that one-half of the fund must be paid to him when collected, and that he has no vested interest in or control over the litigation by means of which it is collected. *Confiscation Cases,* 7 Wall. (U. S.) 454; *U. S. v. Morris,* 10 Wheat. (U. S.) 246.

While not conclusive of the question under consideration, it is interesting to note that every case cited by plaintiff in error in his brief in support of his contentions that defendant in error is guilty of a violation of sections 27, 28 and 29 of chapter 73, R. S. (J. & A.

¶¶ 6491-6493), namely, *People v. Hartford Life Ins. Co.*, 252 Ill. 398; *People v. Commercial Life Ins. Co.*, 247 Ill. 92; *Metropolitan Life Ins. Co. v. People*, 209 Ill. 42, and *Franklin Life Ins. Co. v. People*, 200 Ill. 619, was prosecuted by the State's Attorney of the proper county in the name of the People of the State.

The statute under consideration is explicit in its terms. It provides that the penalty shall "be sued for and recovered in the name of the People of the State of Illinois, by the State's Attorney" of the proper county and that, "One-half of said penalty *when recovered* shall be paid into the treasury of said county, the other half to the informer of such violation." There can be no doubt that by those provisions every other mode of procedure to recover the penalty than a suit brought in the name of the People and by the State's Attorney is excluded. Neither can there be any doubt that the interest of the informer in the penalty begins when it is "recovered" in such a suit.

It follows that plaintiff had no right to prosecute the suit in the Municipal Court and has no right to prosecute this writ of error in this court. This writ of error is, therefore, dismissed. See *Thomas v. Franklin*, 42 Neb. 310.

*Writ of error dismissed.*