MARTIN BURNE

v.

ADAM PARTRIDGE et al.

[Filed March 26th, 1901.]

1. Pending suit against a debtor, she conveyed real estate by quit claim to one who held a mortgage on the property, no consideration passing. The deed provided that the mortgage should not merge in the title conveyed, and that the property might be redeemed on payment of the amount of the mortgage. The property was rented to the grantor at a rental about equal to the interest on the mortgage, the grantor assuming the repairs and taxes, and remaining in possession until her death, and it appeared that the property was worth more than the mortgage.—*Held*, that the conveyance was in fraud of existing creditors.

2. Where one holding mortgages based on loans made to take up prior mortgages on the property thereafter receives a conveyance of the property, which is held invalid, as in fraud of a creditor subsequently acquiring a judgment, the judgment is subject to the liens of the mortgages for the amount due thereon.

3. Where, fifteen years after obtaining a judgment, the creditor files a bill to set aside a conveyance of land made pending the suit in which the judgment was obtained, the delay is no bar to the right to set the conveyance aside; the bill being one for equitable aid to enforce a legal right, which is not barred.

4. Where, pending suit, the defendant conveyed property to one having a valid mortgage thereon, and fifteen years after judgment the plaintiff sought to set aside the conveyance and mortgage, the grantee being entitled, under his mortgage, to set off interest, taxes, &c., against the rents received and the delay rendering such an accounting difficult, if not impossible, an accounting could only be had from the time the bill was filed.

Heard on bill, answer, replication and proofs.

*Mr. John H. Meeker,* for the complainant.

*Mr. James E. Howell,* for the defendant Partridge.

EMERY, V. C.

This is a bill by a judgment creditor to set aside as fraudulent a conveyance of his lands made by the debtor to a prior mortgagee, and also to set aside the mortgages as fraudulent. The conveyance to the mortgagee was expressly declared to be without merger of the title under the mortgages. The bill was filed fifteen years after the recovery of the judgment, and asks an accounting of the rents and profits from the time of the conveyance. My conclusions upon the questions raised and argued at the hearing are as follows:

*First.* The deed from Margaret Flynn, the judgment debtor, to defendant Partridge must be held to be fraudulent and void as against complainant's judgment. The principal facts appearing in the evidence which indicate that the conveyance was a fraud on creditors are: (1) That the conveyance was made pending complainant's suit and before the recovery of his judgment. (2) The conveyance was by quit claim deed, made without any consideration actually paid by the defendant Partridge, the grantee, who also held mortgages on the premises, the result being that, as to all value in the property over and above the amount due on his mortgages, the conveyance was purely voluntary, and therefore void, to that extent, as against existing creditors. (3) The insertion in the deed of an unusal clause, viz., a clause providing that the mortgages should not merge in the title conveyed by the deed. This indicated that the transaction was not substantially a purchase of the equity of redemption, but a transfer of the legal title for some other purpose, and that the grantee had some reason to doubt the validity of the title by deed. No feature appears in the case to affect the validity of the title by deed, except a possible attack by creditors. (4) The arrangement made between the grantor and grantee, that the grantor might redeem the property on paying the

amount due on the mortgages, the renting of the property at once to the grantor, at a rental which was fixed at about the interest on the sum due, the lessee (grantor) assuming the repairs and taxes, obligations usually assumed by the owners. (5) The continued possession of the grantee in the premises up to the time of her death. Under this combination of circumstances, pointing to the hindrance of the grantor's creditors, as the intention of the transfer, the grantee, in order to repel the *prima facie* proof of fraud, was at least bound, I think, to show, by satisfactory proof, that, at the time of the conveyance, the property conveyed was not worth more than the amount due on the mortgages. The weight of evidence is, on the contrary, that the property was worth considerably more.

*Second.* The mortgages held by the defendant have been satisfactorily shown to have been based upon loans of money made, for the most part, if not altogether, to take up prior mortgages on the property, and complainant's judgment must be subject to the liens upon these mortgages for the amount due thereon. Independent of the express provision in the deed, that the mortgages should not be merged in the estate created by the deed, this would be the effect, upon the defendants' estate in the lands under the mortgage, of setting aside the deed as fraudulent against a creditor. *2 Big. Fraud. 416 § 5; Malloney* v. *Horan, 49 N. Y. 111, 121 (1872)*; *Roberts* ads. *Jackson, 1 Wend. 478, 484 (1828)*.

*Third.* The complainant's remedy to set aside the deed as fraudulent is not barred by the delay in filing the bill. The reasons for this conclusion were given in the conclusions filed on the demurrer to the amended bill, which specially raised this question. I then concluded that inasmuch as the complainant was appealing to this court, not to establish and enforce a merely equitable right, but to aid in the enforcement of a legal right under a judgment still outstanding, mere delay, where the delay has not been sufficient to bar the legal right, is not sufficient to bar the right to apply for equitable aid in enforcing the legal right. In addition to the case referred to in my conclusions then filed (*Banking Company* v. *Maddever, 52 L. J. Ch. 733; S. C. on appeal, 27 Ch. Div. 523,* which was

Burne *v.* Partridge.

a case of fraudulent conveyance) I refer also to decisions illustrating, in other classes of cases, the same distinction as to the effect of delay in filing a bill between bills to enforce purely equitable rights and bills to aid in enforcing legal rights. *Fullwood* v. *Fullwood, 9 Ch. Div. 176; Menendez* v. *Holt, 128 U. S. 514, 523.* No facts have been shown in this case which would disentitle complainant to the application of this general rule, and it must therefore be applied, and the delay is no bar to the right to set aside the fraudulent conveyance. The delay in filing the bill would, however, have affected the right to an account for rents and profits prior to the filing of the bill, had such account been asked. The rule which has been applied in this state has been that the fraudulent grantee must account for the rents and profits from the time of the fraudulent conveyance if necessary to satisfy complainant's judgment. *Mead* v. *Combs, 4 C. E. Gr. 112, 115 (Chancellor Zabriskie, 1868); S. C., 11 C. E. Gr. 173, 178.* In this respect our courts follow the decisions in New York and some other courts, and not those decisions which hold that the account runs only from the time of filing the bill. *14 Am. & Eng. Encycl. L. (2d ed.) 342.* But even where the rule is established that a delay in filing the bill, short of the time fixed by the statute of limitations for barring the legal right, is no bar to the equitable relief of setting aside the deed, in order to enforce the legal right, the delay in filing the bill may be a bar to the recovery on account of back rents and profits. *Three Towns Banking Co.* v. *Maddever, 52 L. J. Ch. 733 (North, J., 1883)..* Such delay sometimes disentitles complainant to an accounting, even where relief, based on equitable title, is granted. *Harrigan* v. *Smith, 12 Dick. Ch. Rep. 635 (Errors and Appeals, 1899).* The grantee in this case, under his mortgage, would be entitled to set off the interest and disbursements for repairs, taxes, &c., against the rents received, and complainant's long delay in filing the bill (nearly fifteen years) has rendered an accounting for the rents during all that time difficult, if not impossible. The accounting for the rents and profits will run, therefore, only from filing the bill, and proper allowances must be made to the defendant for interest on the principal due, and for other allowances proper on accounting as mortgagee.

Decree will be advised setting aside the conveyance, and, if necessary, for an account of the amounts due on the mortgages, in order to make a sale of the lands, subject to the mortgages, for the payment of the complainant's judgment. Settlement of the decree will be made on notice, if necessary. My present view is that the amount due as principal will include the interest due at the date of the conveyance, and that the rents and profits received from the date of conveyance to the date of filing the bill should offset the interest and disbursements to that date, but if counsel desire, I will hear them on this point.