(No. 15527.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GUST FALK, Plaintiff in Error.

*Opinion filed December 19, 1923.*

1. CONSTITUTIONAL LAW—*the legislature cannot declare what is conclusive evidence.* It is not within the legislative power to declare what is conclusive evidence, as such an act would be an invasion of the power of the judiciary.

2. SAME—*courts will uphold statute, if possible.* It is only in a clear case that the courts will declare an act of the legislature to be unconstitutional.

3. SAME—*section 23 of Search and Seizure act, providing that principal's knowledge of agent's act need not be proved, is valid.* Section 23 of the Search and Seizure act, (Laws of 1919, p. 944,) providing that in prosecutions under the act it shall not be necessary to show knowledge of the principal to convict for acts of an agent, must be construed in connection with section 3, and is not invalid as invading the province of the judicial department by prescribing a rule of evidence depriving the accused of the presumption of innocence and placing upon him the burden of proving his innocence.

4. CRIMINAL LAW—*instructions should not ignore disputed issues of fact—Search and Seizure act.* In a prosecution for violation of the Search and Seizure act it is error to give an instruction directing a verdict finding the defendant guilty of selling intoxicating liquor if they believe the sales were made by himself or "by any person who was acting as his agent," thus ignoring the issues, based upon conflicting evidence, as to whether the defendant was engaged in the illegal business of selling liquor and whether the fact of the agency was established.

5. SAME—*what is necessary to the application of section 23 of the Search and Seizure act.* Before section 23 of the Search and Seizure act can be applied to the extent of holding a principal guilty for the acts of his agent without proving knowledge by the principal of the agent's acts, all essential elements of the offense defined by section 3 of such act, including the existence of the agency and the act of the agent, must be proved beyond a reasonable doubt.

WRIT OF ERROR to the County Court of Rock Island county; the Hon. GEORGE D. LONG, Judge, presiding.

PETER R. INGELSON, and KENWORTHY, DIETZ, SHALL-BERG, HARPER & SINNETT, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, BENJAMIN S. BELL, State's Attorney, GEORGE C. DIXON, and EDWARD L. EAGLE, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, together with Alfred Grannath, was tried on an information of three counts filed by the State's attorney of Rock Island county for violation of the Illinois Search and Seizure act. The first count charged unlawful possession of intoxicating liquor, the second count charged possession of the same for purpose of sale, and the third count charged the sale thereof. Grannath pleaded guilty and the trial proceeded as to the plaintiff in error, who was found guilty on the third count of the information.

The People's evidence showed that on January 20, 1923, certain officers raided a so-called soft drink parlor in the city of Moline operated by plaintiff in error and found a jar of home-made whisky; that prior to that time both the plaintiff in error and Grannath, who worked for plaintiff in error, had sold whisky to witnesses for the State. Plaintiff in error denied having sold any liquor, and testified that he was conducting a soft drink parlor and restaurant; that the restaurant was not connected with the soft drink parlor; that he ran the restaurant and Grannath ran the soft drink parlor. On the trial plaintiff in error sought to show that he had instructed Grannath not to sell liquor, and that he had no knowledge of the sales made by Grannath which were testified to by the State's witnesses. The court refused to admit the testimony on the ground that by section 23 of the Search and Seizure act such testimony was not material. Plaintiff in error offered instructions telling the jury that proof of notice to or consent by him was essential to liability on his part for sales made by Grannath

as his agent. The court refused these instructions, and by instructions 7 and 19 offered by the People told the jury that proof of notice to the principal of such acts of his agent was not necessary. The contention of the plaintiff in error here is that section 23 of the Search and Seizure act is unconstitutional and void for the reasons that it deprives the accused of his liberty without due process of law, denies him the constitutional right of trial by jury, and invades the judicial department of government by prescribing a rule of evidence that deprives the accused of the presumption of innocence and places upon him the burden of showing that he is not guilty.

It may be said at the outset that it is not within the legislative power to declare what would be conclusive evidence, as that would be an invasion of the power of the judiciary. (*People* v. *Rose,* 207 Ill. 352.) It is only in a clear case, however, that the court will declare an act of the legislature to be unconstitutional. (*Meadowcroft* v. *People,* 163 Ill. 56.) Courts will uphold an act if it can reasonably be done. *People* v. *McBride,* 234 Ill. 146.

Section 23 of the Search and Seizure act (Laws of 1919, p. 944,) provides, in so far as it affects the question here, as follows: "In all prosecutions and proceedings under this act, by indictment, information, complaint or otherwise, it shall not be necessary * * * to show the knowledge of the principal to convict for the acts of an agent, clerk or servant."

So far as we are advised by the briefs of counsel and by investigation, the constitutionality of this or a similar section has not been passed upon by this court or the courts of other States. This court has, however, construed similar provisions of the Local Option and Dram-shop acts. In *Noecker* v. *People,* 91 Ill. 494, the charge was selling intoxicating liquor in less quantity than one gallon without a license. Some of the sales testified to were made by the clerks of the defendant. The court refused testimony of-

fered by the defendant as to what instructions he gave his clerks in relation to the sale of intoxicating liquor. This court held that the language of the statute that whoever by himself, clerk or servant shall sell intoxicating liquors shall be liable, and the testimony being uncontradicted that the defendant kept intoxicating liquor for sale, he was responsible for the acts of selling by his clerks no matter what might have been his instructions. In that case the evidence showed that the defendant was a practicing physician and a druggist. The sales of liquor made by him and his clerks were all upon written prescriptions of other practicing physicians, or upon representations by the purchaser to the defendant himself of sickness. Section 2 of the Dram-shop act provides that whoever, not having a license to keep a dram-shop, shall, by himself or another, either as principal or clerk, directly or indirectly sell any intoxicating liquor in less quantity than one gallon, shall be subjected to the penalties of the act. Section 14 provides substantially as section 23 of the Search and Seizure act, that in prosecutions under the act it is not necessary to show the knowledge of the principal to convict for the acts of an agent or servant. The constitutionality of sections 2 and 14 of the Dram-shop act was not raised in *Noecker* v. *People, supra.*

In *People* v. *Elliott,* 272 Ill. 592, the plaintiffs in error were prosecuted for selling intoxicating liquor in anti-saloon territory, and it was contended that it was error to admit testimony of sales made by persons other than the two plaintiffs in error. This court held, however, that the plaintiffs in error had charge of the premises and managed the business and the other persons were acting as bar-tenders; that all were guilty as principals,—citing *Stevens* v. *People,* 67 Ill. 587, and *Johnson* v. *People,* 83 id. 431.

In *People* v. *Schmidt,* 292 Ill. 127, plaintiff in error was convicted of selling intoxicating liquor in anti-saloon territory under section 11 of the act for the creation of anti-saloon territory in force July 1, 1907, (Hurd's Stat. 1921,

p. 1326,) and of maintaining a nuisance under section 14 of that act. It was contended in this court that plaintiff in error could not be legally convicted for illegal sales made by his servants unless he was conducting a dram-shop or had knowledge of the sales or consented to them. The court charged the jury, in substance, that if they found from the evidence, beyond a reasonable doubt, that the plaintiff in error, either by himself or his clerk or servant, sold intoxicating liquor in anti-saloon territory they should find him guilty. An instruction was offered by the defendant to the effect that plaintiff in error could not be found guilty of illegal sales by his servant or clerk unless the jury found from the evidence, beyond a reasonable doubt, that such sales were made with his knowledge, permission and consent. This instruction was refused and such refusal was held not to be error. The testimony showed that the accused kept intoxicating liquor for sale at his place of business in anti-saloon territory, where he could not be licensed for such a business. This court cited section 17 of the Local Option act and section 14 of the Dram-shop act, which provide that it shall not be necessary to show knowledge of the principal to convict for acts of his agent or servant, and held that "where it is shown that a defendant is illegally keeping intoxicating liquor for sale under either of said statutes he is responsible for the acts of selling by his clerk or servant, no matter what may have been his instructions to him." The constitutionality of these or other sections of the Dram-shop act or the Local Option act was not raised in that case.

Section 3 of the Search and Seizure act provides, in part, as follows: "Whoever shall, within prohibition territory, by himself or another, either as principal, clerk or servant, in any manner manufacture, keep for sale, * * * sell, give away, or dispose of, or aid any person in procuring any intoxicating liquor in any quantity whatsoever, shall be punished." It will be seen that the provisions of the sec-

tion relating to principal and agent are, in substance, the same as those under the Dram-shop and Local Option acts. Plaintiff in error contends, however, that the cases above referred to, cited by the People, are not decisive of the constitutional question here raised, and this is true. It is also contended that those cases are distinguishable from the case at bar, in that the Dram-shop and Local Option acts purport to regulate the liquor business, while the Search and Seizure act is a prohibitory act and not in any way regulatory of the liquor business. Such is not the true conception of the act. Sales of liquor in anti-saloon territory were by section 11 of the 1907 act, *supra,* positively prohibited, and the act is a prohibitory act so far as such territory is concerned. The Search and Seizure act admits of the sale of liquors under certain permits. Its penalties cover sales for beverage purposes or without such permit or in violation thereof, and it may be said to be an act regulating the liquor business. The cases cited are authority for the rule that where one illegally engages in the business of selling liquor he is responsible for sales made by his agent without notice to him, and unless the section of the Search and Seizure act complained of differs substantially from the acts there considered, the construction of the Dram-shop and Local Option acts by the decisions herein referred to is controlling here.

Plaintiff in error, in support of his contention that section 23 is unconstitutional, cites *People* v. *Beck,* 305 Ill. 593. In that case section 40 of the Illinois Prohibition act, providing that the possession of liquor by any person not legally permitted to possess the same shall be *prima facie* evidence that such liquor is kept for use in violation of the provisions of the act was attacked as being unconstitutional, in that it violated the defendant's constitutional right to a fair trial by jury and put upon him the burden of proving his innocence. It was held that that section was not open to the objection urged; that while the section prescribes rules

of evidence no one has any vested right in a rule of evidence, and there is no constitutional prohibition against the legislature changing it so long as it leaves to a party, either in a civil or criminal case, a fair opportunity to make his defense and to submit all the facts to the jury, to be weighed by them upon evidence legitimately bearing upon such facts. That case had to do with power of the legislature to make certain facts *prima facie* evidence of other facts and did not deal with the question of liability of the principal for acts of his agent.

Counsel for plaintiff in error contend that section 23 of the Search and Seizure act enacts a rule of evidence changing the burden of proof and denies him a right of trial by jury. Section 3 of the act provides, in effect, that one engaging in the illegal sale of liquor is responsible for the acts of his agent in such sale. That section is substantive law and makes no reference to proof of notice or consent of the principal but fixes liability on him without regard thereto. By it notice to the principal is immaterial, and section 23 in so providing merely recites the effect of section 3 and does not change the burden of proof. All essential elements of the offense as defined in section 3 of the act, including the existence of such agency and the act of the agent, must be proved beyond a reasonable doubt. Section 23 recites the obvious conclusion arising from the liability fixed by section 3. The principal being liable for the act of his agent in the sale of liquor and such agency and sale being established by proof, notice to the principal of the act of the agent in the furtherance of such agency is logically unnecessary, and to say so in the act is but to recite the obvious.

Counsel argue that under this law a florist might be held liable for the acts of his clerk who made an illegal sale of liquor. It was evidently not the intention of the legislature that section 23 should apply in such case unless the florist

sold or kept liquor for sale. The act of an agent referred to is the act of illegally selling liquor or keeping it for sale. It was the evident intention of the legislature that this section should apply to those illegally engaging in the sale of liquor or keeping the same for sale. In *Franklin Life Ins. Co.* v. *People*, 200 Ill. 594, it was held that the legislature has power to pass a statute making an insurance company liable for the acts of its agents in matters of discrimination in rates although it did not authorize such discrimination and had not ratified the same and although it had expressly directed its agent not to make such discrimination. In *Indianapolis and St. Louis Railroad Co.* v. *People*, 91 Ill. 452, it was held that it was no defense to an action against the railroad company to recover penalties for failure to stop its train at a crossing that the company had a rule in force, with which the engineer was familiar, requiring him to comply with the law and stop at all railroad crossings, which rule he disregarded without the consent of the company. In *Metropolitan Life Ins. Co.* v. *People*, 209 Ill. 42, it was held that rebates allowed by agents without the consent or knowledge of the principal nevertheless subjected the principal to the payment of the penalty inflicted by statute. Concerning the constitutionality of the act under which the penalty was recovered in that case the court said: "The suit, although civil in form, was brought for a penalty for a violation of public law, and was, in effect, a criminal prosecution. The general rule is as contended by counsel, that a principal is not liable criminally for an act of his agent committed without express or implied authority; but there have always been well recognized exceptions to the rule, such as violations of the revenue laws, the creation or maintenance of nuisances or the publication of libels. Well recognized exceptions arise under police regulations prohibiting acts hurtful to the comfort, welfare and safety of society, such as the adulteration of food and drink, the sale of intoxicating liquor in violation of law, (*Noecker*

310—19

*v. People,* 91 Ill. 494,) or a failure to stop a train at a railroad crossing. (*Indianapolis and St. Louis Railroad Co.* v. *People,* 91 Ill. 452.) In such cases, to give immunity to the principal would be to undermine and practically destroy the protection afforded to the people in general by the laws. The nature of the insurance business and the interest of the public in it are such as to subject it to regulation under the police power, and the statute which prohibits discrimination in favor of individuals between insurants of the same class and with equal expectation of life is a valid exercise of that power." The act is not open to the constitutional objections urged.

Instruction No. 7 given on behalf of the People is as follows:

"You are instructed, that if you believe from all the evidence in this case, beyond a reasonable doubt, that the defendant herein by himself or by his clerk or servant, at and within the city of Moline, Rock Island county, Illinois, sold, or kept for sale any intoxicating liquor, then you will find him guilty."

People's instruction No. 19 told the jury as follows:

"You are further instructed that under the information in this case it is not necessary for the State to prove knowledge on the part of the defendant Gus Falk of sales of liquor made by his servant or agent, if you believe from all the evidence in this case, beyond a reasonable doubt, that sales of intoxicating liquor were made by any person, who was acting as his agent or servant or under his direction and control."

By the seventh instruction the jury were told that if Falk, by his clerk or servant, sold liquor, they were to find him guilty. The nineteenth instruction advised them in substantially the same manner. These instructions ignored the issues of fact which, as we have seen, it was necessary that the State prove beyond a reasonable doubt,—that is, whether Falk was engaged in the illegal business of sell-

ing liquor and whether Grannath was his servant or agent. These issues of fact were disputed. These instructions ignored the defense of plaintiff in error and it was reversible error to give them. Plaintiff in error was also entitled to have the jury instructed in accordance with these views.

As the judgment must for errors in giving and refusing instructions be reversed, we shall not consider whether the evidence supports the verdict.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*