[Civ. No. 8183. First Appellate District, Division One.—March 16, 1932.]

THOMAS OSBORNE WRIGHT, a Minor, etc., Respondent, v. ROBERT SALZBERGER et al., Appellants.

William M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Appellants.

Ostrander & Carey, W. F. Ostrander and Marvin B. Sherwin for Respondent.

THE COURT.—An appeal from a judgment in favor of plaintiff in an action to set aside a transfer by defendant Robert Salzberger of his undivided one-fourth interest in the estate of Julius Salzberger, deceased, to defendant Sophia Salzberger.

On October 19, 1921, plaintiff, a minor, was injured when a coaster on which he was riding came in collision with an automobile driven by defendant Robert Salzberger. An action for damages was commenced by plaintiff against Salzberger & Son, a copartnership consisting of the defendants above named and said Julius Salzberger. The action was dismissed as to Sophia Salzberger, and Julius Salzberger died on December 25, 1921. The transfer in question, which was executed on July 10, 1922, was in terms a grant of the transferor's interest in all the property of the estate, and on October 9, 1923, pursuant thereto there was distributed to said Sophia Salzberger in the matter of the estate the interest transferred. On August 28, 1922, a trial of said action was had, which resulted in a verdict and judgment in favor of Robert Salzberger. An order for a new trial was granted, and the action was again tried, and on November 16, 1923, a judgment was entered against defendant last named in the sum of $15,000. The present action was commenced on January 11, 1924, and was brought to trial after said judgment became final.

The trial court found that the transfer was voluntary and not made for a valuable consideration; that said Robert Salzberger was then and continues to be to the knowledge of defendant Sophia Salzberger insolvent and unable to pay his debts, and that the transfer was made and received with

the intent to defraud and delay his creditors, and in particular the plaintiff, in the collection of their debts.

The estate of the decedent consisted of real and personal property, and in this connection the court found that the value of the interest of the transferor in the personal property thereof was $2,263.75; that the same was converted into cash by the transferee and that she received therefrom the sum of $1976; also that the net income received by her from the transferor's interest in the real estate amounted to $2,425, a total of $4,401.

A decree was entered adjudging the transfer to be fraudulent and void, awarding plaintiff said sum of $4,401 as a personal judgment against both defendants, and also adjudging plaintiff to be the owner of an undivided one-fourth interest in the real property of the estate (describing it) theretofore distributed to defendant Sophia Salzberger.

The trial court held that in view of the facts the transfer was void under the provisions of section 3442 of the Civil Code; but appellants contend that the provision of this section making certain transfers void is violative of the due process clause of the federal Constitution; further, that the complaint is insufficient to sustain the findings or judgment, that certain findings are not supported by the evidence, and that the judgment erroneously awards plaintiff a money judgment against both of the appellants and an interest in the real property mentioned. They concede that the testimony establishes the fact of insolvency and that the transfer was voluntary. The evidence also shows sufficiently that there was no valuable consideration for the transfer; but appellants claim that the above provision of the section being violative of the Constitution, they were entitled to prove, and that the evidence shows, an absence of a fraudulent intent on the part of the transferor.

Before the adoption in 1895 (Stats. 1895, p. 154) of the provision attacked, insolvency alone was insufficient to make a voluntary conveyance void as to creditors (*Bull* v. *Bray*, 89 Cal. 286 [13 L. R. A. 576, 26 Pac. 873]; *Hawley* v. *Harrington*, 152 Cal. 188 [92 Pac. 177]). But insolvency was held to be persuasive of fraud and, with other facts, sufficient to justify a finding of fraudulent intent (*Wolters* v. *Rossi*, 126 Cal. 644 [69 Pac. 143]; 12 Cal. Jur., Fraudulent Conveyances, sec. 60, p. 1018). The amendment, however,

makes any transfer or encumbrance of property made or given voluntarily or without a valuable consideration by a party insolvent or in contemplation of insolvency fraudulent and void as to existing creditors; and under this provision it has been held that the intent of a transferor is immaterial (*Atkinson* v. *Western Development Syndicate*, 170 Cal. 503 [150 Pac. 360]; *Tobias* v. *Adams*, 201 Cal. 689 [258 Pac. 588]; *Lefrooth* v. *Prentice*, 202 Cal. 215 [259 Pac. 947]).

Appellants contend that it was not competent for the legislature to provide that the facts recited in the section should be conclusive as to fraudulent intent, and that the section is to that extent void. As urged by them it has been held that to justify a rule that one fact shall constitute presumptive proof of another there must be a rational connection between them (*Clem* v. *Evans*, —— Tex. Com. App. —— [51 A. L. R. 1135, 291 S. W. 871]), and that the legislature cannot constitutionally make one fact conclusive of another if the former is not in and of itself conclusive (*State* v. *Potello*, 40 Utah, 56 [119 Pac. 1023]; *Vega S. S. Co.* v. *Consolidated Elevator Co.*, 75 Minn. 308 [74 Am. St. Rep. 484, 43 L. R. A. 843, 77 N. W. 973]; *Hammond* v. *State*, 78 Ohio St. 15 [125 Am. St. Rep. 684, 14 Ann. Cas. 682, 15 L. R. A. (N. S.) 906, 84 N. E. 416]; *People* v. *Falk*, 310 Ill. 282 [141 N. E. 719]; *Taylor* v. *Anderson*, 40 Okl. 316 [51 L. R. A. (N. S.) 731, 137 Pac. 1183]). However, the provision is not merely a rule of evidence, but of substantive law (Wigmore, Evidence, sec. 2492; *Mix* v. *Board of County Commrs.*, 18 Idaho, 695 [32 L. R. A. (N. S.) 534, 112 Pac. 215]; *Heiner* v. *Greenwich Sav. Bank*, 118 Misc. Rep. 326 [193 N. Y. Supp. 291]), and like enactments have frequently been held to be within the police power of the state. While no cases directly bearing upon the provision in question have been called to our attention statutes regulating sales in bulk, containing similar provisions, and that of California the identical declaration (Civ. Code, sec. 3440), have been uniformly held not to be violative of the due process or the equal protection clauses of the Fourteenth Amendment (*Lemieux* v. *Young*, 211 U. S. 489 [53 L. Ed. 295, 29 Sup. Ct. Rep. 174]; *Kidd Dater etc. Co.* v. *Musselman Grocery Co.*, 217 U. S. 461 [54 L. Ed. 839, 30 Sup. Ct. Rep. 606]; *Marlow* v. *Ringer*, 79 W. Va. 568 [L. R. A. 1917D, 619, 91 S. E. 386]). As stated, it was the

rule before the amendment that insolvency, while persuasive of a fraudulent intent, was insufficient alone to avoid a voluntary conveyance. There is, nevertheless, a rational connection between the fact of insolvency followed by a voluntary conveyance and an intent to defraud, which is sufficient to justify the state in the exercise of its police power in declaring that when such facts appear the attempted transfer shall be void as to existing creditors regardless of the intent of the transferor (*Lemieux* v. *Young, supra; James Dickinson etc. Co.* v. *Harry,* 273 U. S. 119 [71 L. Ed. 569, 47 Sup. Ct. Rep. 308]).

■ The complaint, which contained a prayer for general relief, was sufficient to entitle plaintiff to any relief appropriate under the evidence (*Rogers etc. Co.* v. *Southern California etc. Co.,* 159 Cal. 735 [35 L. R. A. (N. S.) 543, 115 Pac. 934]).

■ As to the finding of the value of the personal property of the estate this is fully supported by the stipulation of the parties as to the cash distributed, and by the verified first and final account of Sophia Salzberger, which she herself offered in evidence and which was competent as an admission of value (*Estate of Bauer,* 79 Cal. 304 [21 Pac. 759]; *Estate of Huntoon,* 174 Cal. 282 [163 Pac. 52]).

Distribution of the estate was had in October, 1923, and the personal property was disposed of shortly thereafter. The court added interest to the amount for which said Sophia Salzberger disposed of the transferor's interest in the personal property of the estate. The interest period was about five years, and the interest allowed amounted to $691.60. The court also calculated the transferor's proportion of the net income from the real property for the same period to be the sum of $1733.40, the total, as stated, being $4,401.

While the record discloses evidence of rent received that question, in view of what is hereinafter said, is not for the present material.

■ Where property alleged to have been fraudulently conveyed is shown to have been sold by the grantee or converted to his own use a personal judgment for the value thereof may be entered (*Davis* v. *Winona Wagon Co.,* 120 Cal. 244 [52 Pac. 487]; *Henderson* v. *D. S. Denehy etc. Co.* 48 Cal. App. 41 [191 Pac. 558]; *Ohio Elec. Car Co.* v. *Duffet,* 48 Cal. App. 674 [192 Pac. 298]). Consequently the

judgment against Mrs. Salzberger for the amount received by her for the transferor's interest in the personal property with interest thereon was proper (*Swinford* v. *Rogers*, 23 Cal. 233; 27 Cor. Jur., Fraudulent Conveyances, sec. 462, p. 671).

The complaint in the present case prayed for a decree setting aside the transfer; that the interest of Robert Salzberger in the property be sold and the proceeds applied to the payment of the judgment, and for general relief. As stated, the decree adjudged that the transfer be canceled, and declared plaintiff to be the owner of an undivided one-fourth interest in the real property of the estate; also judgment was entered against both defendants for the amount of the estimated rents and profits received therefrom by said Sophia Salzberger.

With respect to the latter portion of the decree, while the question seems not to have been passed upon in this state, elsewhere the rule is well established that if the creditor has no other resources for the collection of his debt, or his claim is not fully satisfied by a sale of the property fraudulently conveyed, he may, if the conveyance be set aside, have a decree against the grantee for an account of the rents and profits while the property was in his possession to the extent necessary to satisfy the claim (27 Cor. Jur., Fraudulent Conveyances, sec. 460, p. 670, and cases cited), and such accounting may be had in the suit to set aside the fraudulent conveyance (*Lee* v. *Cole*, 44 N. J. Eq. 318 [15 Atl. 531]; *Mead* v. *Combs*, 19 N. J. Eq. 112; *Burne* v. *Partridge*, 61 N. J. Eq. 434 [48 Atl. 770]).

Nor has our attention been called to any authority for the decree that plaintiff is the owner of an interest in the property. No sale of the interest of the transferor was had under execution in the original action, and while such execution was issued the same was returned wholly unsatisfied. The rules governing the entry of judgments setting aside fraudulent conveyances are that judgment may be rendered simply setting aside the conveyance, in which event plaintiff can proceed to enforce his judgment by a sale of the land under execution; or the court may proceed to do complete justice by ordering a sale of the property under its own direction (27 Cor. Jur., Fraudulent Conveyances, secs. 812, 813, pp. 851, 852, and cases cited;

*Hills* v. *Sherwood*, 48 Cal. 386; *Emmons* v. *Barton*, 109 Cal. 662, 668 [42 Pac. 303]; *First Nat. Bank* v. *Maxwell*, 123 Cal. 360, 371 [69 Am. St. Rep. 64, 55 Pac. 980]). Likewise a money judgment in the present case as against defendant Robert Salzberger is unsupported by the pleadings or the evidence, and is not sustained by reason or authority.

Appellants cite the case of *Hopkins* v. *White*, 20 Cal. App. 234 [128 Pac. 780], wherein the court doubted the right to attack a decree of distribution which had become final, and which was entered pursuant to the transfer of an interest in the estate of a decedent, although the assignment was procured by fraud; but in denying a rehearing this portion of the opinion was disapproved (p. 249).

The pleadings and findings are sufficient to support a judgment against the defendants under the rules above referred to, and no other questions require discussion.

For the foregoing reasons the judgment must be reversed and a new judgment entered on the findings in conformity with the views expressed.

The judgment is accordingly reversed and the cause remanded, with directions to the trial court to enter its decree as follows: That the transfer from defendant Robert Salzberger to defendant Sophia Salzberger is void as to the plaintiff so far as necessary to liquidate the latter's claim; that plaintiff have judgment against defendant Sophia Salzberger for the amount received by her for Robert Salzberger's interest in the personal property of the estate, with interest thereon, a total of $2,667.60, said sum, when paid, to be applied in satisfaction to that extent of the judgment recovered by plaintiff in the previous action against Robert Salzberger; that the trial court, if it deem such course advisable, provide in its decree for a sale under its direction of the interest of said Robert Salzberger in the real property described in paragraph 8 of the findings, or remit the plaintiff to his execution at law upon his judgment against said defendant; and that the decree also provide that in either case if the amounts realized from such sale and from the money judgment against defendant Sophia Salzberger be insufficient to satisfy said previous judgment against defendant Robert Salzberger the said Sophia Salzberger account for the rents and profits received by her from said real estate to the

extent necessary to satisfy plaintiff's claim, not to exceed, however, one-fourth of such rents and profits.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 15, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 12, 1932.