Irving Don, et al. [1] v. Commissioner. Don v. Commissioner
Docket Nos. 5641-67, 5668-67 - 5670-67, 827-68.
United States Tax Court
T.C. Memo 1972-31; 1972 Tax Ct. Memo LEXIS 224; 31 T.C.M. (CCH) 122; T.C.M. (RIA) 72031; February 9, 1972, Filed Peter R. Stoll, for the petitioners in docket Nos. 5641-67, 5670-67 and 827-68. Harvey D. Tack, for the petitioners in docket Nos. 5668-67, 5669-67 and 5670-67. Marion Malone, for the respondent. RAUM
Supplemental Memorandum Opinion RAUM, Judge: On June 3, 1971, a Memorandum Findings of Fact and Opinion was filed in these five consolidated cases. T.C. Memo. 1971-130, 30 T.C.M. 565. On November 16, 1971, the Commissioner filed computations in each case under Rule 50. In one of them, Invitation Dinners, Inc., Docket No. 5670-67, there was an explicit stipulation of the parties that respondent's proposed decision was in accordance with our opinion, and that decision was in fact entered on November 18, 1971, approving deficiencies against Invitation Dinners, Inc., as follows: Additions to Tax
Taxable
Sec. 6653(b),
Year Ended
Income Tax
I.R.C. 1954
May 31, 1962
$ 8,244.44
$4,122.22
May 31, 1963
13,884.96
6,942.48
*225 123 All four of the remaining cases revolve around the relationship of Irving Don and LeRoy Rodde to Invitation Dinners. Two of them relate to Don's income taxes individually and as a transferee of Invitation Dinners, respectively, and the other two relate to Rodde's income taxes individually and as transferee of Invitation Dinners, respectively. In Don's cases petitioner filed neither agreement nor objection to the Commissioner's computations. Docket Nos. 827-68 and 5641-67. In Rodde's individual case (Docket No. 5669-67) petitioner filed a statement to the effect that respondent's computation was in accord with our Findings of Fact and Opinion, but in his transferee case (Docket No. 5668-67) he filed an objection to the computation on December 9, 1971. The Commissioner filed a response thereto on January 5, 1972. We have withheld entry of decision in all four of the cases pending resolution of the controversy in Rodde's transferee case. Rodde was adjudicated a transferee of Invitation Dinners' assets during its taxable year ended May 31, 1962, to the extent of $8,887.92, an amount less than the total tax liability of the transferor. Rodde's sole objection to the Commissioner's *226 proposed decision in his transferee case relates to the date from which interest is to run on that amount. The Commissioner's proposed decision calls for "interest thereon as provided by law from August 15, 1962", the date on which Invitation Dinners' return was due. Rodde, on the other hand, contends that his transferee liability "bears interest only from the date of the notice of assessment." We hold that the Commissioner's position is correct. It is well settled that where transferee liability is found to exist but the transferred assets are insufficient to satisfy the transferor's total tax liability - as is the case here -, the "determination of the existence, starting date, and rate of interest upon the retention of those assets" is controlled by State law. Estate of Samuel Stein, 37 T.C. 945 961; cf. Leo L. Lowy, 35 T.C. 393, 397. Rodde was adjudicated to be liable as a transferee of assets of Invitation Dinners, Inc., pursuant to sections 3439.01 et seq., Civil Code of California. Sections 3439.04 and 3439.09 authorize a creditor to pursue property transferred by his debtor without "fair consideration" where the debtor is rendered insolvent by *227 such a transfer or transfers. In addition, California case law has also granted a right to the creditor to collect from the transferee interest on the transferred assets. See Wright v. Salzberger, et al., 121 Cal. App. 639, 644-645, 646, 9p. 2d 860, 862, 863. [2] And section 3287(a), Civil Code of California, the general statutory provision dealing with interest damages, provides for a starting date of such interest as follows: § 3287. Interest on damages; right to recover; time from which interest runs (a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, * * *. Rodde argues, however, that the California cases decided under this section establish that an award of prejudgment interest is inappropriate where the amount of the underlying liability is uncertain *228 or can be arrived at only by judicial determination on conflicting evidence. But such is not the situation in his case. As found in our previous opinion in this case, his liability as a transferee was related to certain unreported cash receipts of Invitation Dinners, Inc., withdrawn from that corporation by him and the corporation's other two officers and directors (including Don). He was in a particularly good position to know the precise amount of unreported income transferred to him. In these circumstances, section 3287(a) provides for interest from the date the right to recover the principal sum vested. See Continental Bank v. Blethen, 7 Cal. App. 3d 178, 186-187, 86 Cal. Rept. 485, 490-491; West v. Holstrom, 261 Cal. App. 2d 89, 96-98, 67 Cal. Rept. 831, 835-836; Worthington Corp. v. El Chicote Ranch Prop., Ltd., 255 Cal. App. 2d 316, 322-325, 63 Cal. Rept. 203, 207-209. We conclude that petitioner is liable for interest as prescribed by California law (section 1916-1, Civil Code of California) from August 15, 1962, the date upon which petitioner's underlying transferee liability arose. Decisions will be entered in all four remaining *229 dockets in accordance with the computations filed by respondent. 124 Footnotes
1. Cases of the following petitioners are consolidated herewith: LeRoy Rodde, docket Nos. 5668-67 and 5669-67; Invitation Dinners, Inc., docket No. 5670-67; and Irving Don, docket No. 827-68.↩
2. Wright v. Salzberger was decided under section 3442, Civil Code of California, which was repealed by California Stats. 1939, C. 329, p. 1667, section 1, and replaced in part by section 3439.04, Civil Code of California.↩